IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| ERNESTO PADILLA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | EP-18-CV-14-PRM |
| NATIONSTAR MORTGAGE | § | |
| LLC d/b/a CHAMPION | § | |
| MORTGAGE COMPANY, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

On this day, the Court considered Defendant Wells Fargo Bank LLC d/b/a Champion Mortgage Company's [hereinafter "Defendant"] unopposed[1] "Motion to Dismiss and Brief in Support Thereof" (ECF No. 26) [hereinafter "Motion"], filed on April 16, 2018, in the above-captioned cause. After due consideration, the Court concludes that Defendant's Motion should be granted for the reasons that follow.

I.     FACTUAL BACKGROUND

This case arises from the foreclosure of the real property located at 1308 Fewell Street, El Paso, Texas 79902 [hereinafter "Property"].

---

[1] As of the date of this Order, Plaintiff has failed to file a response to Defendant's Motion. Pursuant to Loc. R. CV–7(d), the Court may grant a motion as unopposed when there is no response filed.

On or about October 19, 2009, Plaintiff Ernesto Padilla's [hereinafter "Plaintiff"] mother, Gloria Padilla, executed a Closed-End Fixed Rate Note on the Property [hereinafter "Note"]. Mot. to Dismiss 1. Concurrently, Gloria Padilla also secured a Closed-End Fixed Rate Home Equity Conversion Deed of Trust [hereinafter "Deed of Trust"]. *Id.* In securing the Note and Deed of Trust, Gloria Padilla placed a reverse mortgage on the Property for $113,000 through Wells Fargo. Pl.'s Original Compl. 1 [hereinafter "Amended Complaint"], April 10, 2018, ECF No. 23. At "some point," the reverse mortgage was transferred from Wells Fargo to Nationstar Mortgage LLC d/b/a/ Champion Mortgage Company. *Id.* at 2.

Gloria Padilla passed away intestate on October 12, 2013. *Id.* at 1. According to Plaintiff, Gloria Padilla's legal heirs at the time of her death were Plaintiff, Gloria Ytturalde, and Artuor Padilla.[2] *Id.* On May 29, 2015, Gloria Ytturalde and Artuor Padilla then purportedly deeded their interest in the Property to Plaintiff.[3] *Id.* at 2.

---

[2] Although the Court is unclear about whether "Artuor Padilla" is spelled correctly, Plaintiff refers to him as such in multiple pleadings. Accordingly, the Court will use the spelling provided.

[3] Plaintiff has not provided the Court with a copy of any document deeding interest in the Property to Plaintiff.

2

Following the death of Gloria Padilla, Wells Fargo had the Property appraised by a licensed appraiser as required by law. *Id.* The Property was appraised for approximately $135,000, and Plaintiff allegedly offered to buy the Property for ninety-five percent of the appraised value. *Id.*[4] However, Plaintiff avers that Wells Fargo, "through various bureaucratic issues, failed to consummate the sale [of the Property to Plaintiff] and then attempted to foreclose." *Id.*

On October 30, 2017, Defendant sent a "Notice of Acceleration and Notice of Trustee Sale" addressed to Gloria Padilla at the Property. *Id.* Plaintiff alleges that Defendant did not notify Gloria Padilla's legal heirs, including Plaintiff, of the impending foreclosure as required by law. Accordingly, Plaintiff filed his Original Petition in state court. *Id.* Defendant then removed the case on January 16, 2018, based upon diversity jurisdiction.

## II. PROCEDURAL HISTORY

This is the Court's third occasion to consider Plaintiff's claims in

---

[4] It is unclear from the pleadings to whom and when Plaintiff made this purchase offer.

3

relation to the foreclosure of the Property.[5] Plaintiff filed his first case in state court on April 8, 2015, and brought suit against Defendant Wells Fargo requesting accounting, declaratory relief, and a temporary restraining order. *Padilla v. Wells Fargo Bank, N.A.*, EP:15-CV-00114 (W.D. Tex. 2015) (notice of removal). The case was removed to the Court one week later. *Id.* However, on June 10, 2015, Plaintiff voluntarily dismissed the case before the Court made any determinations on the merits. *Id.*

On December 2, 2016, Plaintiff then filed a new Petition alleging virtually identical claims. *Padilla v. Wells Fargo Bank, N.A.*, EP:17-CV-00037 (W.D. Tex. 2017) (notice of removal). Defendant Wells Fargo Bank again removed the case to the Court on February 8, 2017, and subsequently filed an unopposed[6] Motion to Dismiss. *Id.* Specifically, Defendant alleged that Plaintiff's claims failed as a matter of law. *Id.* The Court granted Defendant's Motion to Dismiss on June 28, 2017, finding, in relevant part, that Plaintiff lacked standing to bring the suit and failed to allege facts that demonstrate that a judicially remediable

---

[5] The Court notes that Plaintiff relies on the same facts in all three cases filed.

[6] Plaintiff failed to file a response to Defendant Wells Fargo Bank's Motion to Dismiss.

4

controversy exists between Plaintiff and Defendant Wells Fargo Bank. *Id.* Thus, the Court dismissed Plaintiff's claims without prejudice.

On December 1, 2017, Plaintiff then filed his third suit regarding foreclosure of the Property which is presently before the Court. In this case, Plaintiff filed his Original Petition in state court raising a breach of contract claim and seeking a Temporary Restraining Order preventing the Property's foreclosure.[7] Notice of Removal Ex. 3, Jan. 16, 2018, ECF No. 1. Defendant then removed the case on January 16, 2018. *Id.* Thereafter, Plaintiff filed his Amended Complaint which raised only two claims against Defendant—the first regarding Defendant's alleged breach of contract and the second regarding Defendant's alleged breach of the Housing and Urban Development ("HUD") regulations. Am. Compl. 2–3. Defendant then filed its Motion to Dismiss on April 16, 2018, contending that, like Plaintiff's previous

---

[7] In fact, a Temporary Restraining Order was granted in this case on December 1, 2017, shortly before the case was removed. Not. of Removal Ex. C-3. A Temporary Restraining Order was also granted in Plaintiff's first case, *Padilla v. Wells Fargo Bank, N.A.*, EP:17-CV-00037 (W.D. Tex. 2015) (notice of removal exhibit A), and his second case, *Padilla v. Wells Fargo Bank, N.A.*, EP:17-CV-00037 (W.D. Tex. 2017) (notice of removal exhibit C). Plaintiff has used these numerous Temporary Restraining Orders to halt foreclosure of the Property, only to subsequently fail to prosecute these cases. The Court finds this repeated behavior to be evidence of Plaintiff's bad faith.

claims, these claims fail as a matter of law. The Court now considers whether Plaintiff's claim should again be dismissed.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted." In determining whether a plaintiff states a valid claim, a court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)) (internal quotation marks omitted).

In considering a motion pursuant to Rule 12(b)(6), a district court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

Substantively, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

6

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading that offers mere "labels and conclusions . . . will not do," especially when it simply tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (second alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

## IV. ANALYSIS

In his Complaint, Plaintiff raises two claims against Defendant. First, he contends that Defendant breached its contract because it did not provide notice of foreclosure as required by the Deed of Trust. Am. Compl. 2. Second, Plaintiff alleges that Defendant violated the HUD regulations by not allowing him to repurchase the Property for ninety-five percent of its appraised value. *Id.* at 3. The Court will address each of Plaintiff's claims in turn.

### A. Breach of Contract

Plaintiff's breach of contract claim arises from Gloria Padilla's

7

Deed of Trust with Defendant. Specifically, Plaintiff alleges that the "Deed of Trust requires that thirty (30) days['] notice be given to Plaintiff" prior to the foreclosure of the Property. Am. Compl. 2. Because Defendant failed to provide such notice to Plaintiff, Plaintiff avers that Defendant "thereby improperly posted the Property for foreclosure" and breached the terms of the Deed of Trust. *Id.* Defendant argues, instead, that Plaintiff lacks standing to assert a breach of contract claim because he is not a party to the Deed of Trust. Mot. 4. The Court concurs with Defendant, and finds that Plaintiff's breach of contract claim should be dismissed.

Plaintiff's contention that Defendant failed to provide the notice required by the Deed of Trust is belied by the facts of this case. Indeed, according to Plaintiff's Amended Complaint, Defendant provided notice of foreclosure on October 30, 2017. Am. Compl. 2. Although this notice was provided to Gloria Padilla at the Property, rather than to her legal heirs, Defendant had no obligation to notify any individual other than Gloria Padilla because she was the only named borrower on the Deed of Trust. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (quoting *Stanley v. CitiFinancial Mortgage Co.*, 121

S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied)) ("There is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust."). Additionally, pursuant to provision twenty-one of the Deed of Trust entitled "Foreclosure Procedure," Gloria Padilla "waive[d] any notice, demand, presentment, notice of non-payment or nonperformance, protest, notice of protest, notice of intent to accelerate, notice of acceleration, or any other notice or any other action." *Id.* Thus, it is unclear that Defendant had any duty to provide notice even to Gloria Padilla, let alone her legal heirs. Thus, the Court finds that Plaintiff has failed to allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Further, even assuming arguendo that Defendant failed to provide notice, Plaintiff has no standing to raise this breach of contract claim. "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that

the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Here, Plaintiff has not demonstrated that he suffered an injury in fact. It is clear from the record that Gloria Padilla—Plaintiff's mother—was the only borrower listed on the Deed of Trust. *See* Mot. Ex. A. Thus, Defendant brings his claim as a third party beneficiary to this Deed. However, a third party beneficiary cannot establish standing "unless the party shows that the contract was actually made for his benefit and that the parties intended that the contract be for his benefit." *Rodriguez v. Ocwen Loan Servicing, Inc.*, No. CIV.A. H-07-4546, 2008 WL 239652, at *5 (S.D. Tex. Jan. 29, 2008), *aff'd sub nom. Rodriguez*, 306 F. App'x at 854. In this case, Plaintiff does not allege that he was a signatory or an intended beneficiary of the Deed of Trust. Thus, he has not proven that he has standing to bring this cause of action, and his breach of contract claim should be dismissed.

B. **Breach of HUD Regulations**

Plaintiff next alleges that Defendant breached HUD regulation

4330.1 Chapter 13. Specifically, Plaintiff contends that Chapter 13 "requires that an heir be given the opportunity to repurchase the property for 95% of its appraised value." Am. Compl. 3. Thus, by preventing Plaintiff from buying the Property, Plaintiff argues that Defendant "breached HUD regulations on the [Deed of Trust]." *Id.*

The weight of case law in this Circuit and others does not support Plaintiff's contention that he may bring a private cause of action pursuant to the HUD regulations in this case. *See, e.g., Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016) ("HUD regulations do not give the borrower a private cause of action unless the regulations are expressly incorporated into the lender-borrower agreement."); *Moses v. Banco Mortg. Co.*, 778 F.2d 267, 272 (5th Cir. 1985) (noting that the District of Columbia, First, Sixth and Ninth Circuits have refused to create a right of action for private parties who wish to sue to enforce the Housing Act and regulations promulgated thereunder); *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360–62 (5th Cir. 1977) (finding no private cause of action for an alleged failure to comply with the regulations of the HUD handbook); *Guesnon v. McHenry*, 539 F.2d 1075, 1077 (5th Cir. 1976) ("No case was cited nor

11

has our research uncovered any precedent for the proposition that a private cause of action exists to remedy a violation of this HUD regulation."); *Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-861-SS, 2014 WL 5685113, at *5 (W.D. Tex. Nov. 4, 2014), *aff'd*, 613 F. App'x 428 (5th Cir. 2015) (stating that "courts have found [that] there is no private right of action for failure to comply with HUD regulations promulgated under the National Housing Act (NHA)"); *Bassie v. Bank of Am., N.A.*, No. 4:12-CV-00891, 2012 WL 6530482, at *3 (S.D. Tex. Dec. 13, 2012) (concluding that the plaintiff's claim should be dismissed because the HUD regulations do not provide for a private cause of action); *Denley v. Vericrest Fin., Inc.*, No. CIV.A. H-12-992, 2012 WL 2368325, at *2 (S.D. Tex. June 21, 2012) (same); *Wells Fargo Home Mortg., Inc. v. Neal*, 398 Md. 705, 715 (2007) ("[T]he weight of authority around the country roundly rejects the notion that either the NHA or associated HUD regulations support either direct or implied private causes of action for their violation.").

In this case, Plaintiff has not established that he is entitled to bring a private cause of action pursuant to the HUD regulations. First, Plaintiff does not allege or provide any evidence that the Deed of Trust

expressly incorporates the HUD regulations. Thus, there is no private right of action to bring such a claim in this case. Further, even if the HUD regulations did provide a private cause of action, Plaintiff has not sufficiently stated a claim for relief. Specifically, Plaintiff's Complaint regarding Defendant's breach of HUD regulations is pled in bare and conclusory terms, and lacks any factual evidence that Defendant actually breached the HUD regulations or that Plaintiff is entitled to relief therewith. Plaintiff has also failed to file any response to Defendant's Motion, in which Defendant explicitly challenges both the merits of Plaintiff's claim and his ability to establish standing. Thus, because Plaintiff has failed to sufficiently allege his HUD claim, the Court concludes that this claim should be dismissed.

## V. CONCLUSION

Given the foregoing analysis, the Court concludes that all of Plaintiff's claims should be dismissed.

Accordingly, **IT IS ORDERED** that Defendant Wells Fargo Bank LLC d/b/a Champion Mortgage Company's "Motion to Dismiss and Brief in Support Thereof" (ECF No. 26) is **GRANTED** and Plaintiff's

Complaint is **DISMISSED WITH PREJUDICE**.[8]

SIGNED this ___14___ day of May, 2018.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[8] The Fifth Circuit has characterized an involuntary dismissal with prejudice as "the ultimate sanction," and instructed that it should only be used in the "most egregious," "most flagrant," and "extreme" circumstances. *Callip v. Harris Cnty. Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985). "Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, *Long v. Simmons,* 77 F.3d 878, 880 (5th Cir. 1996), but a Rule 41(b) dismissal is appropriate where there is a 'clear record of delay or contumacious conduct by the plaintiff, . . . , and when lesser sanctions would not serve the best interests of justice.'" *Bryson v. United States,* 553 F.3d 402, 403–04 (5th Cir. 2008) (quoting *Callip,* 757 F.2d at 1521). In this case, Plaintiff has filed the same case based upon the same fact pattern three times. In two of these cases, Plaintiff has failed altogether to respond to the defendants' motions to dismiss. The Court has already employed the lesser sanction of dismissal without prejudice, and has also allowed Plaintiff to file an Amended Complaint in this case. Despite these allowances, and Plaintiff's numerous opportunities to correct the deficiencies in his pleadings, Plaintiff has failed to adequately state his claims. Thus, dismissal with prejudice in this case is appropriate.